Todd K. Boyer, State Bar No. 203132
    todd.boyer@bakermckenzie.com
Chetan Gupta, Bar No. 310626
    chetan.gupta@bakermckenzie.com
**Baker & McKenzie LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.**<br><br>**[28 U.S.C. §§ 1331, 1441 and 1446]**<br><br>Santa Clara County Superior Court Case No. 18CV328964<br><br>Complaint Filed:  May 31, 2018 |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.

1    TO THE CLERK OF THE ABOVE ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant Apple Inc. ("Defendant" or "Apple"), by and

3    through its attorneys, Baker McKenzie, LLP, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby

4    file this Notice of Removal to effect the removal of the above-captioned action, Case No.

5    18CV328964, from the Superior Court of the State of California, County of Santa Clara, to the

6    United States District Court for the Northern District of California.

7    **I.    BACKGROUND INFORMATION**

8    On May 31, 2018, Plaintiff Syed Nazim Ali ("Plaintiff") filed a civil complaint in the

9    Superior Court of the State of California, County of Santa Clara, titled *Ali v. Apple, Inc.*, Case No.

10   18CV328964 ("Complaint").  A true and correct copy of the Summons and Complaint, together with

11   its Civil Case Cover Sheet and Civil Lawsuit Notice from the Superior Court of the State of

12   California, County of Santa Clara, and improper proof of service via Federal Express, are attached

13   hereto as **Exhibit A.**

14   The Complaint asserts five causes of action against Apple: (1) discrimination based on race

15   in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* ("Title VII") and

16   the California Fair Employment and Housing Act ("FEHA"); (2) age discrimination in violation of

17   the Age Discrimination in Employment Act, 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and the

18   FEHA; (3) discrimination based on national origin in violation of Title VII; (4) retaliation in

19   violation of the FEHA; and (5) intentional infliction of emotional distress.  Apple is the only named

20   defendant in the Complaint.

21   **II.    THE NOTICE OF REMOVAL IS TIMELY**

22   This Notice of Removal is timely as it is filed within thirty days of June 4, 2018, the date

23   Apple was purportedly served with Plaintiff's Complaint.[1]   28 U.S.C. § 1446(b); see *Murphy*

24   *Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348-349 (1999) (holding that the thirty-

---

[1]  The Summons and Complaint were delivered to Apple via Federal Express on June 4, 2018.
However, Plaintiff improperly served the Summons and Complaint upon an Apple employee not
authorized by Apple to accept service of process.  Service of a Summons and Complaint via Federal
Express on a person not authorized to receive service does not comply with the notice and service
requirements under Cal. Code of Civil Procedure Section 415.10 *et seq*.  By removing this action,
Apple is not conceding that service was proper, and does not waive its right to challenge the
sufficiency of Plaintiff's service.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.

1  day period to remove commences upon service of the summons and complaint); *McAnally*

2  *Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

3  **III.    REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION**
        **EXISTS**

4

5          Removal jurisdiction exists because this Court has original jurisdiction over "all civil actions

6  arising under the Constitution, laws, or treaties of the United States," as well as civil actions "arising

7  under any Act of Congress regulating commerce."   28 U.S.C. §§ 1331, 1337(a).   Removal

8  jurisdiction is proper in this Court because an action alleging unlawful employment practices in

9  violation of Title VII may be maintained in the U.S. District Court.  42 U.S.C. § 2000e-5(f(3) ("Each

10  United States district court . . . shall have  jurisdiction of actions brought under this subchapter").

11          **A.    Federal Questions Raised By The Complaint**

12          A defendant may remove an action to federal court based on federal question jurisdiction or

13  diversity jurisdiction.  28 U.S.C. § 1441.  For a federal question based removal, "[t]he threshold

14  requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of

15  action that is within the original jurisdiction of the district court."  *Ansley v. Ameriquest Mortgage*

16  *Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.

17  1998)).  In determining federal question jurisdiction, the well-pleaded complaint rule "provides that

18  federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

19  properly pleaded complaint."   *Fisher v. NOS Commc'ns (In re NOS Commc'ns)*, 495 F.3d 1052,

20  1057 (9th Cir. 2007) (internal quotation marks and citations omitted).

21          The foundation of Plaintiff's national origin discrimination claim lies exclusively upon Title

22  VII of the Civil Rights Act of 1964.  (Compl., at ¶¶50-54, pg. 11.)[2]  Plaintiff also relies upon federal

23  law as a basis for his first cause of action for race discrimination, alleging that his claim is based in

24  part on Title VII.  (*Id.*, at ¶¶45-46, pgs. 8-9.)  Similarly, Plaintiff relies upon federal law to support

25  his second cause of action, in which he alleges he "was discriminated against because of his age by

26  the Defendant which is a violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §

27

28

---

[2] Plaintiff's Complaint is misnumbered, and repeats paragraph numbers 50-66 starting on page 11. To avoid confusion, citations to the Complaint will include both the page number and paragraph number.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.

621." (Compl., at ¶61, pg. 9.) In his third cause of action, Plaintiff alleges that he "was discriminated against because of his national origin of being a Pakistan [*sic*] which is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e by the Defendant." (Compl. at ¶52, pg. 11.) Since one of Plaintiff's claims is based solely on federal law, and three other claims rely upon federal law in addition to state law, this Court has jurisdiction over this matter based on federal question jurisdiction.

**B.      The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims**

Plaintiff's Complaint alleges five causes of action, including the cause of action for national origin discrimination brought exclusively under Title VII. The remaining causes of action are based in part or in whole on California state law on the same factual allegations supporting Plaintiff's Title VII race discrimination cause of action. (Compl., at ¶¶43-44, pgs. 7-8; ¶¶ 59-60, pg. 9; ¶¶ 50-51, pg. 11; ¶¶63-64, pg. 12-13.)

This Court has supplemental jurisdiction over Plaintiff's state law causes of action for discrimination, retaliation, and intentional infliction of emotional distress in that these state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-165 (1997). Plaintiff's state law claims do not involve any novel or complex issue of state law and do not substantially predominate over Plaintiff's cause of action for national origin discrimination under Title VII, and no exceptional or compelling circumstances exist for this Court to decline jurisdiction. 28 U.S.C. § 1367(c).

**IV.      VENUE AND INTRADISTRICT ASSIGNMENT**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 84, this Court embraces the Superior Court of the State of California for the County of Santa Clara. Accordingly, this Court is the appropriate Court to which remove this action. 28 U.S.C. § 1441(a).

Per N.D. Local Rule 3-2(e), assignment is proper in the San Jose Division of the Northern District, as the case arose and was originally filed in Santa Clara County.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.

1

**V.      NOTICE OF REMOVAL**

2

        As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this

3

Notice of Removal to Plaintiff Pro Se, and will also promptly file a copy of this Notice of Removal

4

with the Clerk of the Superior Court of the State of California, County of Santa Clara.

5

**VI.     CONCLUSION**

6

        As demonstrated above, this Court has original jurisdiction over this action pursuant to 28

7

U.S.C. §§ 1331 and 1441(a), and having fulfilled all statutory requirements, Defendant removes this

8

action from the Superior Court of California, County of Santa Clara, to this Court, and requests this

9

Court assume full jurisdiction over this matter as provided for by law.

10

11

Dated:  July 2, 2018                                    BAKER & McKENZIE LLP

12

13

                                                        By:  /s/ Todd K. Boyer

                                                             Todd K. Boyer
14
                                                             Attorneys for Defendant
                                                             APPLE INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

5

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT APPLE INC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

APPLE, INC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Syed Nazim Ali

(ENDORSED)
F I L E D
MAY 3 1 2018
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____R. Jimenez_____DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Santa Clara<br>191 201 N 1st<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**18CV328964** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE:<br>*(Fecha)* **MAY 3 1 2018** | Clerk, by<br>*(Secretario)* **R. Jimenez** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>SYED NAZIM ALI, PRO PER<br>65 Washington St Suite # 225<br>Santa Clara, CA 95050<br>Alex@Cyberlaw101.Com<br>TELEPHONE NO.: 408-372-1150    FAX NO.: 951-710-9726<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>(ENDORSED)<br>F I L E D<br>MAY 3 1 2018<br>Clerk of the Court<br>Superior Court of CA County of Santa Clara<br>BY_____R. Jimenez_____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 201 N 1st
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: CIVIL

CASE NAME:
Ali v. APPLE, INC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 18CV328964<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Civil Right - Employment Discrimination
5. This case [ ] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/31/18

SYED N AZ.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

1  SYED NAZIM ALI
   PRO PER
2  65 Washington St. Suite # 225
   Santa Clara, CA 95050
3  Phone: (408) 372- 1150
   Email: Alex@Cyberlaw101.Com
4

(ENDORSED)

**FILED**

MAY 3 1 2018

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____R. Jimenez_____DEPUTY

5

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SAN CLARA

11

12  **SYED NAZIM ALI**                  )  **CASE NO.:**18 C V 3 2 8 9 6 4
        **PLAINTIFF**                    )
13                                       )  **COMPLAINT FOR DAMAGES**
                                         )
14                                       )  **CAUSES OF ACTION**
    **vs.**                              )
15                                       )  **1, DISCRIMINATION BASED ON RACE**
    **APPLE, INC,**                      )  **2. AGE DISCRIMINATION**
16                                       )  **3. DISCRIMINATION BASED ON**
    **DEFENDANT**                        )  **NATIONAL ORIGIN**
17                                       )  **4.RETALIATIOIN IN VIOLATION OF**
                                         )  **FEHA**
18                                       )  **5. INTENTIONAL INFLICTION OF**
                                         )  **EMOTIONAL DISTRESS**
19                                       )
                                         )
20                                       )
                                         )
21                                       )  **DEMAND FOR JURY TRIAL**
                                         )
22                                       )
                                         )
23                                       )
                                         )
24                                       )

25

26  _____

27

28

                              - 1 -
              (ALI V. APPLE  - COMPLAINT FOR DAMAGES)

1

2                           **INTRODUCTORY STATEMENT**

3              This is an action brought by the Plaintiff, SYED NAZIM ALI ("Plaintiff" or "'Mr. Ali.")

4     for damages again Defendant APPLE CORPORATION ("Defendant" of "Apple") for its

5     discriminatory treatment  in the hiring  of Plaintiff's as an employee which is considered as a

6     in violation of the Civil Rights Act of 1866, 42 U.S. C. § 1981, as amended by the Civil Rights Act

7     of 1991("Section 1981");  Title VII of the Civil Rights Act of 1964, 42 U.S. C. §§ 2000e,  et. seq.

8     as amended ("Title VII"); the California Fair Employment and Housing Act, Government Code §§

9     12940, et seq.; the Age Discrimination in Employment Act, 29 U.S. C.A. § 621, et seq. ("ADEA");

10    and parallel California law.

11

12                                  **PARTIES**

13           1.  Plaintiff, Syed Nazim Ali is a resident of the County of Santa Clara, State of California.

14    During the entire period of time at issue in this lawsuit, Plaintiff resided in Santa Clara

15    County, in the State of California.

16           2.  Apple is a corporation headquarter and doing business in the State of California, County,

17    with offices in Cupertino, California.

18           3.  Plaintiff is informed and believes, ant thereon alleges, that the Defendant was and at all

19    times herein mentioned, was acting within the course and scope of employment relationship.

20

21                          **JURISDICTION AND VENUE**

22

23           4.  Venue is proper in this judicial district, pursuant to California Code of Civil Procedure

24    § 395(a). Defendant resides and /or transacts business in the County of Santa Clara, and is

25    within the jurisdiction of this Court for purposes of service of process.

26

27           5.  Jurisdiction and venue are proper in the this Court because all of the claims alleged

28

                                        - 2 -
                        (ALI V. APPLE  - COMPLAINT FOR DAMAGES)

herein arose in Santa Clara County and all of the Defendants were and/or are residents of Santa Clara County or are doing business in Santa Clara County, and/or their principal place of business is in Santa Clara County, in each case, at all times relevant herein. The amount in controversy is this matter exceeds the sum of $25,000.00 exclusive of interest and costs.

## FACTUAL BACKGROUND

6. The Plaintiff has been working over 20 years in the Information Technology industry for such areas as cyber security, regulatory compliance audits and risk assessments.

7. The Plaintiff has worked for some of the top U.S. clients, Federal Government, California State Government and other top corporations.

8. As part of the Plaintiff's training, he has received professional accreditation by Internationally recognized governance bodies like ISACA, ISCS along with highly desirable security certifications that includes but not limited to CISSP, CISA, CISM, CRISC, MCDBA

9. On or about April 3, 2017, the Plaintiff applied for fourteen position with the Defendant which are listed below:

   a. **Security Engineer - Job Number 56523273**

   b. **Senior Security Engineer – Job Number 53126228**

   c. **Technology Security Project Manager – Job Number 55431311**

   d. **Security Solution Engineer – Job Number 51902443**

   e. **Sr. Security Incident Response Engineer – Job Number SIRT (53833417**

   f. **Sr. Security Engineer – App Pen Tester – Job Number 41991402**

   g. **Security Technology Architect – Job Number 52067690**

(ALI V. APPLE - COMPLAINT FOR DAMAGES)

1

   h. **Privacy Engineer – Job Number 53530174**

2

   i. **Senior Network Security Engineer  -  Job Number  56132039**

3

4

   j. **Information Security Director  -  Job Number 56132039**

5

6

   k. **Security Engineer – Job Number 56131007**

7

   l. **Cloud Infrastructure Cassandra Software Engineer – Job Number 5394521**

8

   m. **Manager, Apple Information Security Architecture – Job Number 52013183**

9

   n. **Network Firewall Engineer – Job Number 54910188**

10

11

12 10. The Plaintiff  applied for the position because he had the experience, certification

13 and training to do the job.

14 11. The Plaintiff's had inquired about the job and status of his application.

15 12. The Plaintiff found out that the Defendant had given the job to H1 Visa holder and not a

16 U.S. Citizen.

17 13. The Defendant had engaged in discrimination against the  Plaintiff and hire someone the

18 who was not as qualitied as the Plaintiff.

19 14. The Plaintiff is of a Pakistan decent.

20 15. The Defendant discriminated against him because he was Pakistan.

21 16. All of the selectees were under 40 years of age.

22 17. The Plaintiff is over the age of 40 years of age.

23 18. The Defendant hired parties who ranked lower than the Plaintiff on the list of eligible

24 who had no experience as set forth in the job vacancy.

25

26 19.  The Plaintiff had the experience, certification and training for the position in which he

27   applied for with the Defendant.  Yet, the Defendant refused to hire him.

28

(ALI V. APPLE  - COMPLAINT FOR DAMAGES)

20. The Plaintiff's had inquired about the job and status of his application but the Defendant did not hire him.

21. Ali applied for nine positions and no one from the Defendant's office ever contacted him regarding an interview even though he was well qualified for all of the positions.

22. Apple is similar to many of the Silicon Valley employer who has systematically discriminated against people that are similar to the Plaintiff who are over the age of forty and their race is of a Pakistan decent who regularly practices and adheres to the Muslim religion.

23. Apple did not hire the Ali because of their unfair and bias employment practices.

24. Apple had engaged in discrimination against the Ali because of his race of being of the Pakistan decent.

25. The Defendant discriminated against the Plaintiff because of the Plaintiff is from Pakistan which is his national origin.

26. The Plaintiff is over the age of 40 years of age.  The Defendant discriminated against the Plaintiff because of his age.

27. The Defendant's recruiting and hiring policies, patterns, and/or practices have a disparate impact on applicants 40 years of age or older because they deter applicants 40 years of age or older from applying and disfavor hiring those applicants 40 years of age or older who do apply.

28. The Defendant's culture and practices have distributed the benefits of its enormous success unequally—systematically favoring younger applicants at the expense of their older counterparts. Individuals 40 years of age and older are rarely in a Management position at Intel because of their practices of screening or hiring those potential employees who are over the age of forty.

29. As a result of this bias against older workers who are equally or more qualified have been systematically excluded from the career opportunities that are afforded to people who work for Apple.

- 5 -

30. The Plaintiff has been discriminated and retaliated against by the Defendant due to his race, national origin, religion and unfair employment selection and hiring practices

31. The Defendant has used one protected class in their hiring and selection process with is South Indian and Indians and they are the ones who sometimes make the decisions as to which employees to hire.

32. This discriminatory practice was evident for all fourteen positions in which the Plaintiff applied for but never was hired for either of the positions.

33. Apple has a preference for people who are of the South Indians and Indians decent who are in management and clearly retaliated and discriminated against Ali due to his race, national origin, and religion.

34. Ali was not selected for the job in which he was well qualified to do and had the experience and educational credentials.

35. Apple has a habit of protecting a protective class in their hiring process in many cases these employees are not permanent residents, nor US. Citizen and are on H-1 visa.

36. Apple has systematically engaged in a continuous process of failing to hire local people from within the area and United Stated for those specialty jobs of Information Technology in which the Plaintiff is a part of that class that has been discriminated against.

37. The Plaintiff has suffered from physical, emotional and psychological damages due to the Defendant systematic discrimination and retaliation against him because of his race, nation origin and religion.

38. Defendant such unfair and unlawful  act of hiring only one-protected class can be seen as Exhibit "B" where the anti-white bias and discriminatory lawsuit has filed against Cognizant who prefer to hire one-protected class of worker over local workers who are less qualified.

39. Defendant has been following the same trend over past 10 years, neglecting U.S local eligible and qualified workers and law abiding citizens and permanent residents who apply jobs at Defendant by not job are not fairly and equally offered that cost loss of

- 6 -

obtain a fair employment to Plaintiff, that impacted Plaintiff normal life being a local Citizen of this County, well-qualified, and became jobless, depressed, anger, upset and frustrated, and impacted his normal life style due to Defendant on-going hiring practices that impacted Plaintiff and local qualified workers.

40. Defendant which only focused, prefer to hire one-protected class due to majority of the work in IT domain controlled by one-protected class and they dominate the hiring, firing and selecting criteria and decision- The Company executive and senior management are disabled and have no authority overseeing the fair and equal employment practices.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

41. Prior to the initiation of this lawsuit, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.   On June 29, 2017, the EEOC granted a "*Right to Sue*" letter. A true and correct copy of the administrative complaint and the "right to sue" letter is attached as Exhibit "A."

42. Before filing this lawsuit, in good faith, Plaintiff has reminded the Defendant about Plaintiff Civil Right Violation and requested the Defendant to offer the employment for which he has applied and qualified. Defendant denied and failed to offer. Lawsuit is filed for purpose of seeing the fair-justice by judicial system and jury members.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF FEHA AND TITLE SEVEN OF THE
## CIVIL RIGHTS ACT

43. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

44.  Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's race, in the terms and conditions of Plaintiff's employment, resulting in him not being employed by the Defendant.

45.  The Plaintiff is Pakistan and was not hired because of his ethic race.

46. The Defendant's conduct as allege at length herein constitutes discrimination based on race in violation of Title VII.

47. At all times herein mentioned, the Fair Employment and Housing Act, Govt.Code §§ 12900-12996 (hereinafter "FEHA"), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating against any employee on the basis of race.

48. The Defendant has discriminated against the Plaintiff based on his race and their selection and hiring process which is a violated of FEHA.

49. There was other non-Pakistan that was hired by the Defendant.

50.  The Defendant deliberately made the choice not to hire the Plaintiff's  because of his ethnic race of being a Pakistan.

51. Plaintiff's  was not employed by the Defendant  in substantial part, due to his race Defendant's perception of the Plaintiff's race as a Pakistan was negative and therefore they refused to hire him.

52. The Defendant elected to hire those parties who were not American citizens but had H 1 Visa status.

53. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

54. As a proximate results of Defendant 's discrimination against Plaintiff on the basis of his race and a record or perception of this ethic race, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, deferred compensation, and other employment benefits.

55. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues

to suffer impairment and damage to Plaintiff's good name and reputation by Defendant.

56. As a further proximate results of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

57. The conduct of the Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

58. Wherefore, Plaintiff seeks relief.

## SECOND CAUSE OF ACTION – AGE DISCRIMINATION VIOLATION OF GOVT. CODE §12940 ET SEQ

59. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

60. Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's age, in the terms and conditions of hiring the Plaintiff.

61. Plaintiff was discriminated against because of his age  by the Defendant which is a violation of the Age Discrimination in Employment Act, 29 U.S. C. A. § 621.

62. At all times herein mention, the FEHA, embodies in the Government Code section 12940 were in full force and effect.  This Act prohibits employers from refusing to hire, refusing to rehire, terminating, or otherwise discriminating against employees in the terms, conditions or privileges of employment because of their age if the individual is age 40 or older.

63.  At the time of the Plaintiff's application to the Defendant, he was 42 years old.

64. The Plaintiff believes and thereon alleges that the Defendant is qualified employer subject to the requirement of FEHA.

65. The Plaintiff further believes and thereon  alleges that the Defendant discriminated against him on the basis of his age.  The discrimination included the Defendant hiring people who were younger than the Plaintiff and they refused to hire him because of his age.

66. The Plaintiff is informed and believes thereon alleges that his age was a substantial

1    and moving factor in the Defendant not hiring him.

2    67. As a result of the discriminatory acts, the Plaintiff suffers from stress and anxiety which

3    has negatively impacted his physical and emotional condition.

4    68. As a direct and proximate cause of discrimination, the Plaintiff has suffered and

5    Continues to suffer general, compensatory, and special damages, including lost wages and

6    benefits, future loss of wages and benefits, and emotional distress and physical illness in the

7    amount unknown, but according to proof at trial.

8    69. In committing the foregoing act, the Defendant has been guilty of oppression,

9    fraud, and/or Malice under California Civil Code section 3294, thereby entitles the Plaintiff

10   to punitive damages in a sum appropriate to punish and make an example in an attempt to

11   prevent future conduct. The act of oppression, fraud, and/or malice was engaged in by the

12   employees of the Defendant. The Defendant had advance knowledge of the unfitness of

13   each employee who acted with oppression, fraud, and/or malice, and/or authorized or

14   ratified the wrongful conduct for which an award of punitive damages is sought, and/or was

15   personally guilty of oppression fraud and/or malice. The advance knowledge and conscious

16   disregard, authorization, ratification, or act of oppression, fraud, and/or malice was

17   committed by or on part of an officer, management or director of the Defendant, thereby

18   entitling the Defendant to punitive and exemplary damages against the Defendant in

19   accordance with California Civil Code section 3294 in a sum appropriate to punish and

20   make an example of Apple.

21   70. Moreover, the Plaintiff is entitled to attorney's fees and costs for bring suit alleging these

22   violations. The Plaintiff has incurred and continues to incur legal expenses as a result of his

23   FEHA claims against the Defendant. The Plaintiff is unware of the precise amount of these

24   expenses and fees, but seeks an award of fees and cost according to proof at trial.

25

26

27

28

(ALI V. APPLE - COMPLAINT FOR DAMAGES)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**DISCRIMINATION BASED ON NATIONAL ORIGIN**

50. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

51. Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's national origin, in the terms and conditions of Plaintiff's employment, resulting in his wrongful termination.

52. Plaintiff was discriminated against because of his  national origin of being a Pakistan which is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C. §§ 2000e   by the Defendant.

53. The Defendant failed to hire and offer employment to the Plaintiff for fourteen positions with his expertise in cyber security, professional certification and over 20 years of working in the information technology industry because of his national origin of being a Pakistan decent.

54. Plaintiff is entitled to compensatory and liquated damages, together to with other authorized relief.

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

55. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

56. Apple retaliated against Ali in terms of their hiring and selection process which is a violation of FEHA.

57. The Defendants has a staff made up of South Indian and Indian that retaliated against Ali and failed to hire him even though he has the credentials to complete the job. Ali has been a victim of discrimination and retaliation based on all of the position that he has applied for with Apple.

58. The management team of the Defendant has a habit and practice of victimizing Mr. Ali with retaliation and discrimination that ended in Ali not been hired for several positions.

59. As a proximate result of the conduct of Apple, Ali has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Ali has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Ali's damages will be ascertained at trial.

60. In committing the foregoing act, Intel has been guilty of oppression, fraud, and/or malice under California Civil Code section 3294, thereby entitle Ali to punitive damages in a sum appropriate to punish and make an example in an attempt to prevent future conduct.

61. The act of oppression, fraud, and/or malice was engaged in by the employees of Intel. Intel had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression fraud and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, management or director of  Intel, thereby entitling Ali to punitive and exemplary damages again Intel in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example of  Apple.

62. Ali has been generally damaged in an amount within the jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

64. The conduct of the Defendant's senior executives as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society.  This conduct was intended to cause severe emotional

distress, or was done in reckless disregard of the probability of causing severe emotional distress.

65. In an actual and proximate results of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

66. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward the Plaintiff were carried out by the Defendant acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

## PRAYER FOR RELIEF

1.  For general damages, including emotional distress damages,  according to the proof of each cause of action for which such damages are available.

2.  For special damages, according to proof on each cause of action for which such damages are available.

3.  For compensatory damages, including emotional distress damages, according to proof of each cause of action for which such damages are available.

4.  For punitive damages, according to proof on each cause of action for which such damages are available.

5.  For declaratory and injunctive relief as appropriate.

6.  For prejudgment interest and post-judgment interest according to the law.

7.  For cost of suit incurred in this action.

8.  For such other and further relief and the Court deems proper and just.

1    9. Mr. Ali demands Defendant to offer the job which Mr. Ali applied, but denied and

2        discriminated by majority hiring and selecting team being one-protected class.

3

4

5    Respectfully Submitted,

6

7    DATED: May 27, 2018

8                                                        *Your signature*
                                                         SYED NAZIM ALI                5/31/18
9                                                        In Pro Per / *Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(ALI V. APPLE  - COMPLAINT FOR DAMAGES)

# EXHIBT "A"
## EEOC /DFEH Right to Sue Authority

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

EEOC Number: 556-2017-00485
Case Name: Syed N. Ali v. APPLE, INC
Filing Date: June 26, 2017

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. This state Right to Sue Notice allows you to file a private lawsuit. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above- referenced complaint. The lawsuit may be filed in a State of California Superior Court.

Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the federal right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date
by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

# EXHIBT "B"

## Silicon Valley Employers Common Practices On Unlawful / Unfair Hiring Practices Only One-Protected Class and Lawsuit Filed Against Cognizant

# THE ECONOMIC TIMES

ET Home › NRI › Visa and Immigration

Search for News, Stock Quotes & NAV's

| 04:05 PM \| 06 APR  CLOSED | SENSEX | NIFTY 50 | GOLD (MCX) (Rs/10g.) | USD/INR | | | |
|---|---|---|---|---|---|---|---|
| **MARKET STATS ▼** | **33,626** ▲ 30.17 | **10,331** ▲ 6.45 | **30,703.00** ▲ 156.00 | **64.97** ▲ 0.01 | **CREATE PORTFOLIO** | Download ET MARKETS APP | CHOOSE LANGUAGE ENG |

# Cognizant, number one H-1B visa sponsor, battles anti-white bias lawsuit

BY BLOOMBERG | UPDATED: MAR 19, 2018, 04.48 PM IST

Post a Comment

Cognizant Technology Solutions Corp., the biggest U.S. sponsor of H-1B visas for foreign information technology specialists, says a civil rights lawsuit accusing the firm of bias against workers who aren't from India is all wrong.

Three former employees claim they were forced out of their jobs and replaced with "less qualified" South Asians after being poorly treated by their Indian supervisors and colleagues, given unjustifiably low performance ratings and denied promotions.

The company contends that what it's accused of isn't covered by federal civil rights law.

The Civil Rights Act of 1964 "prohibits discrimination on the basis of race, but plaintiffs' factual allegations, on their face, plainly pertain to a claim of discrimination based on national origin -- not race," Cognizant said in a court filing. It also said the complaint is clearly targeted at "visa holders, but visa-status allegations have nothing to do with race."

*Trump's "Buy American and Hire American" executive order, signed last April, seeks to ensure that American workers aren't unfairly disadvantaged by employers who allegedly abuse the H-1B visa program.*

**Broader Backlash**

The lawsuit is part of a broader backlash by white IT workers against the visa program that allows U.S. companies to bring in foreign workers for job openings they say can't be filled otherwise. President Donald Trump tapped into this discontentment to capture the White House in 2016.

Trump's "Buy American and Hire American" executive order, signed last April, seeks to ensure that American workers aren't unfairly disadvantaged by employers who allegedly abuse the H-1B visa program.

RELATED COMPANIES    EXPAND

**Wipro**

**TCS**

**Infosys**

Big Change:
The end of Five-Year Plans: All you need to know

Recommended By Colombia


If I dont get 48 Lakh, I'll lose my children
KETTO


12 Cancer Killing Foods You Need To Eat Today
PreventionPulse

U.S. District Judge Dolly Gee in Los Angeles said Thursday she would rule on Cognizant's request to dismiss the claims without a hearing.

Cognizant received 29,000 H1-B visas last year, according to Homeland Security Department data, about twice as much as Tata Consultancy Services Ltd., second on the list. The biggest U.S. technology companies, such as Amazon.com Inc., Microsoft Corp., and Google Inc., are much further down the list with fewer than 5,000 sponsored visas each.

TCS may have to face a class-action trial later this year in Oakland, California, by American workers who claim they lost their jobs because the company is biased in favor of South Asian IT employees. The same Washington law firm representing the workers from TCS and Cognizant is pressing similar claims against Infosys Ltd. and Wipro Ltd., two other IT outsourcing firms.

TCS, Infosys and Wipro are all based in India. Cognizant's headquarters is in Teaneck, New Jersey.

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: __1 8 C V 3 2 8 9 6 4__

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

  ▪ State Rules and Judicial Council Forms: www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
  ▪ Local Rules and Forms: www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

  *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* _____ Mary E. Arand _____ *Department:* __9__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

  *Date:* ____**SEP 1 1 2018**____ *Time:* __1:30pm__ in Department:____9____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

  *Date:* _____ *Time:* _____ in Department:_____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

SYED NAZIM ALI
ATTORNEY PRO PER
65 Washington St Suite # 225
Santa Clara, CA 95050
408-372-1150
Email: Alex@Cyberlaw101.Com

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR COUNTY OF SANTA CLARA

### 191 N. FIRST STREET, SAN JOSE, CA 95113

| | |
|---|---|
| **SYED NAZIM  ALI** | **Case No: 18CV328964** |
| | **PROOF OF SERVICE** |
| Plaintiff, | |
| vs. | |
| **APPLE, INC** | |
| Defendant. | |

### Proof Of Service By Mail

PROOF OF SEVICE
- 1

I declare that: I Gaurang Metha, not a party, resident of/employed in the county of Santa Clara, California. I am over the age of eighteen years, my (business/residence) address is 65 Washington Street ,Santa Clara, CA 95050.

On 1st june · 2018 , I have served the following listed set of documents:

1. Summon
2. Complaint
3. Civil Case Coversheet
4. Exhibits A & B
5. Civil Lawsuit Notice

In above said case, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid through using following listed method and address as follows:

---✔---   FEDEX with Delivery Tracking
------   U.S Priority with Delivery Tracking
------   Regular U.S Mail
------   Email Address (Electronic Mailing):

   Apple, Inc
   1 Infinite Loop
   Cupertino, CA 95014
   Att: Kwang Kim / Legal Dept.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on this date 1st June 2018 , at Santa Clara , California.

Name: Gaurang Metha          Signature: _____

PROOF OF SEVICE
- 2