Todd K. Boyer, State Bar No. 203132
todd.boyer@bakermckenzie.com
**Baker & McKenzie LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile:  +1 650 856 9299

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SYED NAZIM ALI,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Case No.  3:18-cv-03945-RS

**REPLY IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date:        November 8, 2018
Time:        1:30 p.m.
Crtrm:      3, 17th Floor
Judge:     Hon. Richard Seeborg

Complaint Filed:  May 31, 2018
FAC Filed:  August 22, 2018

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 1

      A.    By Failing to Substantively Address Apple's Arguments, Plaintiff Concedes
            Them Through Silence ..................................................................................... 1

      B.    Plaintiff Has Failed To Show That He Exhausted His Administrative
            Remedies With Regard To His Age Discrimination Claim ............................... 2

      C.    Plaintiff's Claims Brought Under Title VII and the ADEA Are Untimely ........ 3

            1.    Plaintiff's Federal Claims Are Brought Well Beyond The 90 Day
                  Right ....................................................................................................... 3

            2.    Plaintiff Is Not Entitled To Equitable Tolling On Any Grounds As He
                  Was Actively Litigating Two Other Matters In This Court Within The
                  90 Days During Which He Must Have Filed His Claims ........................... 4

            3.    Any Claims For Religious Discrimination Under Title VII And The
                  FEHA Are Not Properly Plead And Are Time Barred ............................... 6

      D.    Even If His Complaint Was Timely, It Should Be Dismissed Because It Fails
            To Allege Facts Sufficient To Establish A Claim For Discrimination Under
            Title VII Or The FEHA On Any Basis .............................................................. 7

            1.    Plaintiff's Race Discrimination Claim Fails Because His Claims Are
                  Based Upon The Allegation That He Is From Pakistan And Not
                  Because Of Membership In A Racial Or Ethnic Group .............................. 8

            2.    Plaintiff's Opposition Fails To Provide Any Facts To Support That
                  Anyone At Apple Knew of His Race, National Origin, or Age ................... 8

            3.    There Are No Allegations To Support A Claim That Plaintiff Was Not
                  Hired Because He Was Over 40 Years Old ............................................... 10

            4.    Plaintiff Does Not Allege Facts Supporting His Claim That He Was
                  Qualified For Any Role For Which He Applied ......................................... 10

            5.    Plaintiff Does Not Allege Facts To Support His Claim That Apple
                  Hired Applicants With Similar Qualifications .......................................... 11

      E.    Plaintiff's Opposition Fails To Point To Facts Establishing A Claim For
            Retaliation Under The FEHA Or Under Any "Public Policy." .......................... 12

      F.    Plaintiff's Fifth Cause Of Action For Failure To Prevent Discrimination
            Should Be Dismissed On The Grounds That His Discrimination Claims Have
            Failed As A Matter Of Law ............................................................................ 13

      G.    Plaintiff's Seventh Cause Of Action For IIED Should Be Dismissed As It
            Fails To State A Viable Cause Of Action As A Matter Of Law .......................... 13

# TABLE OF CONTENTS
## (continued)

Page

H.    Plaintiff Has Been Given An Opportunity To Amend His Complaint, And His Opposition Shows That Further Amendment Is Futile ............................................... 14

III.    CONCLUSION.................................................................................................................... 15

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

REPLY IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PLTF'S FIRST AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**Cases**

4

*Abdul-Haqq v. Kaiser Found. Hosp.*,
5
   2015 U.S. Dist. LEXIS 8768 (N.D. Cal. Jan. 23, 2015) ................................................13

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*,
6
   744 F.3d 595 (9th Cir. 2014) ................................................14

7

*Allen v. Neighborhood Hous. Servs. Silicon Valley*,
8
   2013 U.S. Dist. LEXIS 96434 (N.D. Cal. July 9, 2013)................................................12

9

*Ardente, Inc. v. Shanley*,
   2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 9, 2010) ................................................2
10

*Ashcroft v. Iqbal*,
11
   556 U.S. 662 (2009)................................................4

12

*Brown v. Option One Mortg. Corp.*,
13
   2010 U.S. Dist. LEXIS 32334 (N.D. Cal. Apr. 1, 2010) ................................................15

14

*Cofieldv. Alabama Public Service Commission*,
   7936 F.2d 512 (11th Cir. 1991) ................................................11
15

*Devereaux v. East Bay Conservation Corp.*,
16
   71998 U.S. Dist. LEXIS 20435 (N.D. Cal. Dec. 30, 1998) ................................................3

17

*Encinas v. Tucson Electric Power Co.*,
18
   76 Fed.Appx. 762 (9th Cir. 2003)................................................8

19

*Favreau v. Chemcentral Corp.*,
20
   1997 U.S. App. LEXIS 3804 (9th Cir. Feb. 27, 1997) ................................................10

21

*Filho v. Gansen*,
   2018 U.S. Dist. LEXIS 93822 (N.D. Cal. June 4, 2018) ................................................7

22

*Flores v. Ashcroft*,
23
   2001 U.S. Dist. LEXIS 16572 (N.D. Cal. Sept. 12, 2001) ................................................5

24

*Gomez v. Serv. Emps. Int'l Union Local 87*,
   2010 U.S. Dist. LEXIS 125141 (N.D. Cal. Nov. 12, 2010)................................................3
25

*Gross v. FBL Financial Services, Inc.*,
26
   557 U.S. 167 (2009)................................................10

27

*Hughes v. Pair*,
28
   46 Cal.4th 1035 (2009) ................................................14

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

iii

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

*Ilaw v. Daughters of Charity Health Sys.*,
    2012 U.S. Dist. LEXIS 14140 (N.D. Cal. Feb. 6, 2012) ...............................................4

4

5

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89 (1990).............................................................................................................5

6

*Janken v. GM Hughes Electronics*,
    46 Cal.App.4th 55 (1996) ...............................................................................................14

7

8

*Krushwitz v. Univ. of Cal.*,
    2012 U.S. Dist. LEXIS 158568 (N.D. Cal. Nov. 5, 2012)..............................................6

9

10

*Leong v. Potter*,
    347 F.3d 1117 (9th Cir. 2003) ......................................................................................2, 3

11

*Lyshorn v. J.P.Morgan Chase Bank, N.A.*,
    2013 U.S. Dist. LEXIS 29099 (N.D. Cal. Mar. 4 2013)................................................7

12

13

*McDonald v. San Francisco Unified Sch. Dist.*,
    2007 U.S. Dist. LEXIS 81607 (N.D. Cal. 2007) ...........................................................4

14

15

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)....................................................................................................8, 10

16

*Mixon v. Fair Emp't & Hous. Com.*
    192 Cal.App.3d 1306 (1987) ...........................................................................................8

17

18

*Pace v. DiGuglielmo*,
    544 U.S. 408 (2005).........................................................................................................5

19

20

*Pasco v. Arco Alaska*,
    1996 U.S. App. LEXIS 6411 (9th Cir. Mar. 18, 1996)................................................10

21

*Robinson v. Adams*,
    847 F.2d 1315 (9th Cir. 1987) ......................................................................................10

22

23

*Ruggles v. Cal. Polytechnic State Univ.*,
    797 F.2d 782 (9th Cir. 1986) ........................................................................................12

24

25

*Scholar v. Bell*,
    963 F.2d 264 (9th Cir. 1992) ...........................................................................................4

26

*Scotch v. Art Institute of California*,
    173 Cal. App. 4th 986 (2009) .......................................................................................13

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

REPLY IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PLTF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*Shah v. Mt. Zion Hospital and Medical Center*,
    642 F.2d 268 (9th Cir. 1981) ..................................................................................8

*Sommatino v. U.S.*,
    255 F.3d 704 (9th Cir. 2001) ................................................................................2, 3

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................10

*University of Southern California v. Superior Court*,
    222 Cal.App.3d 1028 (1990) ...................................................................................8

*Win v. Salas*,
    2018 U.S. Dist. LEXIS 105113 (N.D. Cal. 2018) .................................................12

*Wingate v. Donahoe*,
    2013 U.S. Dist. LEXIS 139899 (N.D. Cal. Sept. 26, 2013) .....................................2

*Yurick v. Superior Court,*
    209 Cal.App.3d 1116 (1989) ...................................................................................3

**Other Authorities**

42 U.S.C. § 2000e-5(e) .................................................................................................7, 12

42 U.S.C. § 2000e-5(f)(1) ..................................................................................................4

Cal. Govt. Code § 12960(d) ...............................................................................................7

Cal. Govt. Code § 12940(h) .............................................................................................12

F.R.C.P. 8 ...........................................................................................................................7

F.R.C.P. 12 .......................................................................................................................15

## I.   INTRODUCTION

Plaintiff's Opposition to Defendant Apple's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") fails to address any of the fatal deficiencies raised in Apple's motion.  Plaintiff's opposition is merely a recitation of case law and the conclusory allegations in his FAC and does not substantively address any of the fatal defects in the FAC.  For example, in addressing the fact that his claims brought under federal law are untimely, Plaintiff merely concludes that he "timely filed his Complaint." (Pltf's Opp., p. 13:17.)  With regard to his failure to exhaust his administrative remedies required to bring an age discrimination claim under federal or state law, Plaintiff concludes that he "has maintained his administrative remedies."  (Pltf's Opp., p. 13:7-8.)  In addressing Apple's argument that no one at Apple knew of Plaintiff's membership in any protected category, Plaintiff cites to his resume and an email chain to a recruiter for *another* employer which supposedly put Apple on notice of his membership in a protected category, *when there is not a singular reference to age, national origin, race, or religion in his resume or the email chain.*  (Pltf's Opp., p. 10:26-11:2, Ex. ALI 41-45.)

Plaintiff also raises a purported basis for equitable tolling of his untimely claims that is directly contradicted by his own judicially noticeable actions.  Plaintiff asserts his alleged "medical conditions" prevented him from timely filing his claims, when judicially noticeable facts establish that he was litigating at least two other lawsuits and filing numerous administrative charges during the period of his alleged incapacity.  This illustrates that Plaintiff cannot in good faith amend his pleadings to cure the deficiencies raised in Apple's motion, and should not be condoned by the Court.

Accordingly, given that Plaintiff has failed to show that his FAC is timely and/or that he has pled sufficient facts (not just conclusions) to support any of his claims, this Court should dismiss the FAC with prejudice and without leave to amend.

## II.   ARGUMENT

### A.   By Failing to Substantively Address Apple's Arguments, Plaintiff Concedes Them Through Silence.

In lieu of a substantive response to Apple's motion to dismiss his FAC, Plaintiff simply recites inapplicable case law or repeats the baseless, conclusory theories upon which his FAC lies.

Plaintiff's opposition confirms that his FAC is based upon assumptions, conclusions, and conspiracy theories and not on any legitimate *factual* basis. Where, as here, a Plaintiff does not respond to an argument raised in a motion to dismiss, he "concedes it through silence." *Ardente, Inc. v. Shanley*, 2010 U.S. Dist. LEXIS 11674, at *21 (N.D. Cal. Feb. 9, 2010). Moreover, a pleading cannot survive a motion to dismiss where the plaintiff's "opposition is a narrative of [his] grievances with" the defendant, rather than a substantive response that addresses the issues raised. *Wingate v. Donahoe*, 2013 U.S. Dist. LEXIS 139899, at *19 (N.D. Cal. Sept. 26, 2013).

As discussed more thoroughly below, because Plaintiff's opposition fails to address the substantive legal arguments raised in Apple's motion to dismiss, his FAC should be dismissed with prejudice.

### B. Plaintiff Has Failed To Show That He Exhausted His Administrative Remedies With Regard To His Age Discrimination Claim.

In his opposition, Plaintiff claims that he exhausted his administrative remedies because he "file[d] a timely complaint with the EEOC," the "agency dismiss[ed] the claim," and the "agency inform[ed] [him] of his right to sue in federal court." (Pltf's Opp. p. 13:8-10.) Although Plaintiff's statement regarding the requirements necessary for proper exhaustion of administrative remedies is partly accurate, in that one part of the exhaustion process is to file a timely complaint with the EEOC and receive a right to sue letter, Plaintiff neglects to mention that proper exhaustion requires that he provide the basis upon which he believes he was discriminated against.

As this Court correctly noted in its August 9, 2018 Order, the administrative charge must contain allegations of the discrimination being alleged in order for the Court to exercise jurisdiction over the subsequent lawsuit alleging claims under Title VII, ADEA and FEHA. *See* Dkt. No. 25, pp. 3-4; *Sommatino v. U.S.*, 255 F.3d 704, 709 (9th Cir. 2001) ("the jurisdictional scope of a Title VII claimant's court action depends on the scope of both the EEOC charge and the EEOC investigation"); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citations omitted) ("The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation. The specific claims made in district court ordinarily must be presented to the EEOC."). For this reason, both the Northern District and the California state courts have

consistently dismissed discrimination claims that are not raised in an administrative charge.  *See e.g.,*
*Gomez v. Serv. Emps. Int'l Union Local 87,* No. C 10-01888 RS, 2010 U.S. Dist. LEXIS 125141, at
**12-13 (N.D. Cal. Nov. 12, 2010) (dismissing Title VII gender discrimination claim because EEOC
charge alleged only national origin discrimination); *Devereaux v. East Bay Conservation Corp.*,
1998 U.S. Dist. LEXIS 20435, at *6-10 (N.D. Cal. Dec. 30, 1998) (dismissing race and gender
discrimination claims because EEOC charge alleged only age discrimination); *Yurick v. Superior*
*Court*, 209 Cal.App.3d 1116, 1121, 1123 (1989) (dismissing plaintiff's age harassment claim on the
grounds that his gender discrimination charge did not allege age harassment).

Here, it is undisputed that Plaintiff's charges did *not* allege that he was discriminated against
on the basis of his age, nor did he check the box on either his EEOC or DFEH charge claiming
discrimination based on age.  (FAC Exs. ALI 01-25.)  In fact, the word "age" does not appear
anywhere in either of his charges.  (FAC Exs. ALI 05-6, 24-25.)

Because Plaintiff failed to allege that he was discriminated against on the basis of his age, the
relevant inquiry is whether an age discrimination claim "reasonably could be expected to grow out
of" the claims of race, national origin, and religious discrimination Plaintiff raised in his charge.  *See*
*Leong,* 347 F.3d at 1122.  It cannot.  Age is a distinct and separate basis for discrimination than
discrimination based on race, national origin, or religion.  *See*, *e.g.*, *Yurick*, 209 Cal.App.3d at 1121,
1123 (dismissing plaintiff's age harassment claim on the grounds that his gender discrimination
charge did not allege age harassment).  Plaintiff's allegation that Apple discriminated against him on
the basis of his national origin, race, and religion would not reasonably have prompted an
investigation into discrimination based on his age.

Accordingly, as Plaintiff has failed to exhaust his administrative remedies with regard to his
age discrimination claim under both the ADEA and the FEHA, his age discrimination claims should
be dismissed with prejudice.  *See Sommatino v. U.S.*, 255 F.3d at 711 (dismissing Title VII claims
for lack of subject matter jurisdiction for failure to exhaust administrative remedies).

**C.**   **Plaintiff's Claims Brought Under Title VII and the ADEA Are Untimely.**

**1.**   **Plaintiff's Federal Claims Are Brought Well Beyond The 90 Day Right**

As this Court noted in its August 9, 2018 Order Granting Apple's Motion to Dismiss, a

plaintiff must file a lawsuit containing Title VII or ADEA claims must be filed within 90 days of receipt of the right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1); Dkt. No. 25, pp. 4-5.[1]  Other than concluding that "the Plaintiff has timely filed his complaint," Plaintiff's opposition does not address his failure to file his initial complaint within 90 days of receiving his right to sue.  (Pltf's Opp., p. 13:17.)  And of course, mere conclusions are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

As set forth in the moving papers, the DFEH and EEOC issued Plaintiff right-to-sue letters on June 26 and 29, 2017, respectively.  (*See* FAC Ex. ALI 26, Request for Judicial Notice in Support of Apple's Motion to Dismiss, Dkt. No. 27-1, ("RJN") Ex. A.)  Using the most generous timeline to Plaintiff, he was required to file suit to assert his race and national origin discrimination claims under Title VII and to assert any age discrimination claims the ADEA by September 30, 2017.  As Plaintiff did not file his initial complaint against Apple until May 30, 2018, his claims are time barred and should be dismissed with prejudice.  *Scholar v. Bell*, 963 F.2d 264, 266-267 (9th Cir. 1992) (dismissing Title VII action for failing to file suit within 90 days of receipt of right-to-sue); *McDonald v. San Francisco Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 81607, *7 (N.D. Cal. 2007) (dismissing lawsuit filed 93 days after presumptive receipt of right-to-sue).

### 2. Plaintiff Is Not Entitled To Equitable Tolling On Any Grounds As He Was Actively Litigating Two Other Matters In This Court Within The 90 Days During Which He Must Have Filed His Claims.

To the extent Plaintiff's opposition could be construed to seek equitable tolling of the 90-day filing deadline because his "delayed filing within 90 days of EEOC Right to Sue letter was due to his medical conditions . . .," (Pltf's Opp., p. 15:14-18), such an assertion is directly contradicted by his judicially noticeable actions.  "[T]he Court need not accept as true allegations contradicted by judicially noticeable facts . . .".  *Ilaw v. Daughters of Charity Health Sys.*, 2012 U.S. Dist. LEXIS 14140, *10 (N.D. Cal. Feb. 6, 2012).

A party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing

---

[1] Apple does not concede that Plaintiff has exhausted his administrative remedies with respect to any claim for age discrimination under the ADEA or the FEHA.

his rights, and (2) extraordinary circumstances prevented him from filing on time.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).The doctrine is to be applied sparingly and is reserved only for "extreme cases," which is typically only "when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990)).  "A plaintiff's failure to exercise due diligence in preserving his legal rights does not justify an equitable tolling of the statute of limitations."  *Flores v. Ashcroft*, 2001 U.S. Dist. LEXIS 16572, at *8-9 (N.D. Cal. Sept. 12, 2001) (granting summary judgment on *pro se* plaintiff's Title VII claims where he failed to file his lawsuit within 90 days of receiving his right to sue letter).

Plaintiff has not alleged any of these "extreme" circumstances is present here, nor has he asserted other facts in his opposition sufficient to support a plausible entitlement to equitable tolling. Plaintiff's only argument is that the alleged treatment to "overcome the emotional harm that caused by Defendant" prevented him from filing a complaint for nearly a year after he was issued a right-to-sue. (Pltf's Opp., p. 15:16-17.)  This is inconsistent with the facts.  ***The court dockets in other cases that Plaintiff is pursuing against other companies show that he was either actively litigating or initiating litigation against other companies during the summer and fall of 2017, i.e., the same time when the statute of limitations to file his claims against Apple lapsed***.  How can Plaintiff in good faith allege that he was unable to timely file a complaint against Apple due to a mental incapacity, at the same time he was actively litigating and pursuing numerous other lawsuits and charges?

More specifically, in a case Plaintiff filed against Softsol Technologies, Inc. in the Alameda County Superior Court on April 12, 2017, Plaintiff was actively litigating the matter ***after*** he had been issued right to sue letters against Apple.  From June 26 through September 30, 2017 (the 90-day window within which Plaintiff was required to bring his Title VII and ADEA claims against Apple), Plaintiff drafted and filed an opposition to Softsol's demurrer to his complaint on July 6, 2017, drafted and served a request for production of documents to Softsol, which he filed the same day, and attended a hearing on Softsol's demurrer on August 16, 2017.  (*See* Request for Judicial

Notice in Support of Apple's Reply "Reply RJN," Exs. A, B.)

Similarly, Plaintiff filed a complaint against FusionStorm, Inc. in the Santa Clara County Superior Court on June 23, 2017, filed an opposition to FusionStorm's demurrer on August 7, 2017, and an amended complaint against FusionStorm on September 12, 2017.  (*See* Reply RJN, Ex. C, D.)

At the same time Plaintiff was filing his complaint against FusionStorm, Plaintiff filed a number of administrative charges with the EEOC and DFEH against Apple, Amazon, Inc., Cisco, Inc., Intel, Inc. and Silicon Valley Bank, and was issued a right to sue from the DFEH for each of these charges on June 26, 2017, with the exception of the right-to-sue on his charge against Silicon Valley Bank which was issued on July 11, 2017.  (*See* Reply RJN, Ex. E through I.)

Plaintiff also filed a Complaint against eBay, Inc. in the Santa Clara County Superior Court, on October 25, 2017, in which he acknowledged that he had 90 days to file a lawsuit under Title VII, stating that "the Plaintiff brings this action within the ninety (90) days of the receipt of the Notice of the Right to Sue . . ." (*See* Reply RJN, Ex. J ¶ 21.)  Three months later, on January 31, 2018, Plaintiff filed a complaint in this Court against Gilead Science, Inc.  (*See* Reply RJN, Ex. K.)

In short, Plaintiff cannot legitimately claim that he was unable to timely file his lawsuit against Apple during the 90-day limitations period because of any alleged "emotional harm," when Plaintiff was actively litigating at least two other matters, was initiating litigation against at least six other companies, and was aware of the deadlines within which he needed to file suit after receiving his right-to-sue letter.  Accordingly, this Court should not apply equitable tolling to Plaintiff's Title VII and ADEA claims.  *See Krushwitz v. Univ. of Cal.,* 2012 U.S. Dist. LEXIS 158568, at *26 (N.D. Cal. Nov. 5, 2012) (holding equitable tolling is not appropriate where the plaintiff "has not shown that her poor health is the kind of situation – like a mental disability where a plaintiff cannot engage in rational thought and deliberate decisionmaking – that excuses her ignorance or made her unable to pursue her lawsuit.").

### 3.    Any Claims For Religious Discrimination Under Title VII And The FEHA Are Not Properly Plead And Are Time Barred.

As noted in Apple's initial Motion to Dismiss Plaintiff's Complaint and in its Motion to Dismiss Plaintiff's FAC, Plaintiff makes allegations in both his original Complaint and FAC that he

was discriminated against on the basis of his religion but does not assert a cause of action for religious discrimination.  (*See* Apple's Motion to Dismiss, Dkt. No. 13, p. 8, fn. 6; Apple's Motion to Dismiss FAC, Dkt. No.27, p. 8:25-9:9.)  Although Apple has repeatedly raised Plaintiff's failure to bring a cause of action for religious discrimination while including allegations claiming he was discriminated against because of his religion, Plaintiff never addresses his failure to bring a cause of action for religious discrimination.  A plaintiff fails to comply with the requirements of Rule 8 where "the operative complaint does not clearly identify the purported claims, [or] violations . . . ".  *Filho v. Gansen*, 2018 U.S. Dist. LEXIS 93822, at *4 (N.D. Cal. June 4, 2018).

As the omission of a cause of action based on religious discrimination appears to be intentional, the Court should strike and ignore any claims of discrimination based on religion.  Furthermore, any attempt to amend the FAC to add a cause of action for religious discrimination would be futile as a claim for religious discrimination under either Title VII or the FEHA are time barred as this cause of action was not filed within 90 days or 1 year of Plaintiff's receipt of the right-to-sue, respectively.[2]  *See Lyshorn v. J.P.Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 29099, at *5 (N.D. Cal. Mar. 4 2013) (dismissing complaint for failing to plead a "short and plain statement of the claim" even when factual elements are scattered throughout the complaint).

### D.   Even If His Complaint Was Timely, It Should Be Dismissed Because It Fails To Allege Facts Sufficient To Establish A Claim For Discrimination Under Title VII Or The FEHA On Any Basis.

As noted above and in Apple's moving brief, Plaintiff's only claim which is arguably timely is his race discrimination claim under the FEHA.  Nonetheless, even if Plaintiff's national origin and age claims were properly before this Court, Plaintiff has not pled facts sufficient to sustain a claim for discrimination on any basis.  Plaintiff's opposition fails to point to facts in his FAC that satisfy the required elements to proceed on a failure to hire case, which are: "(i) that he belongs to a [protected category]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of

---

[2] The statute of limitations on a potential religious discrimination claim under Title VII expired on September 30, 2017, and the statute of limitations on a potential religious discrimination claim under the FEHA expired on June 29, 2018.  42 U.S.C. § 2000e-5(e); Cal. Govt. Code § 12960(d).

1   complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973);

2   *Mixon v. Fair Emp't & Hous. Com.* 192 Cal.App.3d 1306, 1316-19 (1987); *University of Southern*

3   *California v. Superior Court*, 222 Cal.App.3d 1028, 1035 (1990).

### 1.   Plaintiff's Race Discrimination Claim Fails Because His Claims Are Based Upon The Allegation That He Is From Pakistan And Not Because Of Membership In A Racial Or Ethnic Group.

6       Plaintiff completely ignores Apple's argument that his race discrimination claim fails, as he

7   does not identity his race or ethnicity, or that he suffered discrimination on the basis of his race ***as***

8   ***opposed to his national origin***.  Plaintiff concludes generally that "Defendant deliberately made the

9   choice not to hire the Plaintiff's [sic] because of his ethnic race of being a Pakistan."  (FAC ¶ 106.)

10  Plaintiff's opposition does not provide any additional clarification to this allegation.  As Apple noted

11  in its moving papers, and as confirmed in Plaintiff's opposition, Plaintiff's claim is that he was

12  discriminated against on the basis of his ***national origin***, *i.e.*, that he hails from Pakistan, not

13  because of his race or ethnicity, which has yet to be identified.  Courts recognize a distinction

14  between national origin discrimination and race discrimination.  *See Shah v. Mt. Zion Hospital and*

15  *Medical Center*, 642 F.2d 268, 272 (9th Cir. 1981) (dismissing race discrimination claim of an

16  Indian male on the grounds that it was not related to his national origin claim and thus he had failed

17  to exhaust his administrative remedies, after he attempted to amend his complaint alleging that he

18  was a "Black East Indian male of African descent."); *Encinas v. Tucson Electric Power Co.*, 76

19  Fed.Appx. 762, 764 (9th Cir. 2003) (affirming summary judgment because the plaintiff "failed to

20  provide details in her EEOC charge indicating that an investigation of race would be expected to

21  grow out of her national origin charge.").  As Plaintiff has not identified the racial or ethnic group to

22  which he belongs, he has failed to plead facts sufficient to sustain a claim for racial discrimination.

### 2.   Plaintiff's Opposition Fails To Provide Any Facts To Support That Anyone At Apple Knew of His Race, National Origin, or Age.

25      Even if Plaintiff has sufficiently identified his racial or ethnic group, and even if his national

26  origin discrimination claims were timely and/or adequately exhausted (which they are not),

27  Plaintiff's opposition fails to point to any allegations in the FAC suggesting that anyone at Apple

28  knew Plaintiff's race, national origin, or age.  The only "substantive" response Plaintiff makes in

1   opposition to Apple's argument that no one at Apple was aware of his membership in any protected

2   category, is the following:

3           "Apple knew of the Plaintiff's educational credentials, age, race and
        national origin by the Questionnaire that he filed out. (Exhibit FAC
4           ALI 44 to ALI 45) This Questionnaire puts Apple on notice of who
        exactly the Plaintiff was in terms of race, age and national origin.
5           Apple in returned retaliate against the Plaintiff by not hiring him even
        though he was more than qualified for the positions."
6

7   (Pltf's Opp., p. 9:11-15.)  Exhibit ALI 41-45 to Plaintiff's FAC is an email chain from what appears

8   to be a recruiter at *LanceSoft* inquiring whether Plaintiff would be interested in a position at

9   *LanceSoft*, to work with LanceSoft's clients, Apple and/or Ernst & Young.  (See FAC, Ex. ALI-41-

10  45 [Dkt. No. 26-1]).  The recruiter's communication makes clear that Plaintiff would be working for

11  Lancesoft and not Apple or Ernst & Young, as the LanceSoft recruiter stated "If you are hired for

12  this position LanceSoft will pay you *$150K Per Annum*, as previously agreed."  [emphasis in

13  original] (*Id.*)  Even if Plaintiff had applied for a role with Apple, it is unclear how any of the

14  information Plaintiff provided to LanceSoft would have given anyone at Apple a clue about

15  Plaintiff's race, national origin, or age.  In the "Candidate Screening Questions" section of the email

16  chain, the only information Plaintiff provided to LanceSoft other than his general contact

17  information, was that he had authorization to work in the United States since he is a U.S. Citizen,

18  and the *month and day* of his birth.  (*Id.*, Ex. ALI 41.)  Thus, there is nothing in this email chain that

19  supports Plaintiff's claim that Apple would have been aware of his membership in any protected

20  category.

21          Plaintiff has admitted that his claims for race, national origin, and age discrimination are

22  based on "information and belief" and not facts.  (FAC ¶¶ 99, 116, 122, 129.)  His opposition

23  provides nothing of substance to support these claims.  Mere conclusory allegations are insufficient

24  to adequately plead any type of discrimination claim.  *See Sprewell v. Golden State Warriors*, 266

25  F.3d 979, 988 (9th Cir. 2001); (the Court is not "required to accept as true allegations that are merely

26  conclusory, unwarranted deductions of fact, or unreasonable inferences.").  Given the lack of

27  allegations imputing knowledge of Plaintiff's membership in these protected categories to anyone at

28  Apple, and Plaintiff's admission that no one at Apple met with Plaintiff, there can be no inference

that anyone at Apple "knew" Plaintiff's race, national origin, or age.  *Robinson v. Adams*, 847 F.2d 1315, 1316 (9th Cir. 1987) (explaining that the *McDonnell Douglas* elements would not rationally create an inference of discrimination in a failure to hire case where there is no showing that the decision-maker ***knew*** about the plaintiff's membership in a protected class, ***even where the plaintiff had checked the box indicating his race on all of his job applications***) (emphasis added); *see also Favreau v. Chemcentral Corp.*, 1997 U.S. App. LEXIS 3804, at *18 (9th Cir. Feb. 27, 1997) ("A prerequisite to establishing discriminatory intent is establishing that the defendant *knew* of the claimant's race when he took the allegedly discriminatory action."); *Pasco v. Arco Alaska*, 1996 U.S. App. LEXIS 6411, at *3 (9th Cir. Mar. 18, 1996) ("It follows that, in order to discriminate based on age, the employer must have *known* the employee's age.") (emphasis added).  Accordingly, Plaintiff's discrimination claims must be dismissed.

### 3. There Are No Allegations To Support A Claim That Plaintiff Was Not Hired Because He Was Over 40 Years Old.

Unlike Title VII or the FEHA, to successfully pursue a claim for age discrimination under the ADEA, a plaintiff must show that age was the "but-for" cause of the discrimination.  *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 177-180 (2009).  Again, Plaintiff's opposition does not provide, nor point to any facts or allegations that Plaintiff was not hired "but-for" the fact that he was over 40 years old.  As he has not done so, his FAC must be dismissed.

### 4. Plaintiff Does Not Allege Facts Supporting His Claim That He Was Qualified For Any Role For Which He Applied.

Even if Plaintiff was able to allege that a decisionmaker at Apple knew of his membership in a protected category, Plaintiff's discrimination claims should still be dismissed because he fails to identify the qualifications for the job(s) to which he applied and the alleged facts establishing that he possessed the qualifications required for the position.  In his FAC, Plaintiff alleges that he "applied for the fourteen above listed job positions for which Plaintiff meets and qualifies for as Plaintiff possess the most demanding and desire [sic] cyber security and information security qualification and professional certification . . ."  (FAC ¶ 36.)  In his opposition, Plaintiff claims that "the Plaintiff has shown in his FAC that the he was from the Pakistan origin, who was qualified as indicated by his

resume" and was "CISSP, CISA, CISM, CRISC, trained, with 18 years of working experience, and has expertise as Cyber Security Practitioner, and U.S Citizen." (Pltf's Opp., pp. 10:20-22, 15:22-24.) Plaintiff's professional certificates and his conclusory statements that he "was qualified" for the positions to which he applied are insufficient. Plaintiff provides no facts as to how his experience or certifications were relevant to any of the positions to which he applied. Accordingly, Plaintiff has failed to allege sufficient facts to show that he was qualified for the positions to which he applied, and his claims must be dismissed.

### 5.    Plaintiff Does Not Allege Facts To Support His Claim That Apple Hired Applicants With Similar Qualifications.

Similarly, Plaintiff's opposition fails to point to facts regarding whether Apple continued to seek applications or gave the job for which he felt he was qualified to a person with qualifications similar to the Plaintiff. Plaintiff's opposition repeats the conclusory allegations in his FAC that Apple favored "non-Pakistan [sic] that was hired by the Defendant." (*Id.*, ¶ 105.) Plaintiff states that Apple:

> "hired someone else from the protected class of South Indian or Indian. The Defendants has a staff made up of South Indian and Indian (One-Protected Class in Majority in Information Technology (IT) Domain) that retaliated against Ali and failed to hire him even though he has the credentials to complete the job."

(Pltf's Opp., p. 11:3-7.) These allegations fail to provide any facts regarding the qualifications of the person(s) selected for the positions to which Plaintiff applied. Plaintiff also fails to provide any basis for the conclusion that Apple has a "staff made up of South Indian and Indians" confirming that his allegations are nothing but speculation based on news articles regarding an unrelated lawsuit against other companies. (FAC, Ex. ALI 47-50).[3]   Accordingly, where, as here, a plaintiff "allege[s] no facts that plausibly suggest that [the defendant] rejected Plaintiff's job application . . . for [unlawful] reasons," the complaint must be dismissed. *Win v. Salas*, 2018 U.S. Dist. LEXIS 105113, at *13-14 (N.D. Cal. 2018).

---

[3] Apple objects to the Court taking judicial notice of any of the internet news articles attached to the FAC. These are not proper matters for which the Court may take judicial notice. *Cofieldv. Alabama Public Service Commission*, 936 F.2d 512, 517 (11th Cir. 1991) (holding that taking judicial notice of facts contained in news articles was improper).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

2

**E.      Plaintiff's Opposition Fails To Point To Facts Establishing A Claim For Retaliation Under The FEHA Or Under Any "Public Policy."**

3

4

5

6

As noted in Apple's moving papers, Plaintiff brings two claims for retaliation, one under the FEHA (Fourth Cause of Action, FAC ¶¶ 133-142) and a claim for retaliation in violation of "public policy" (Sixth Cause of Action, FAC ¶¶ 149-155.)  Neither Plaintiff's FAC, nor his opposition identifies the "public policy" which Apple allegedly violated.

7

8

9

10

11

12

13

This Court has already dismissed Plaintiff's retaliation claims on the grounds that he has failed to plead any of the required elements.  (*See* Order on Motion to Dismiss, Dkt. No. 25, p. 6:1-7.)  Plaintiff's opposition does not point to any allegations in his FAC establishing any of the required elements of a retaliation claim, which in a failure to hire case are that: "1) []he engaged in protected activities, 2) the position was eliminated as to [him], and 3) the position was eliminated as to [him] because of the protected activities." *Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986).

14

15

16

17

18

19

20

As a preliminary matter, Plaintiff's opposition fails to point to facts in his FAC that he engaged in any protected activity.  Instead, Plaintiff appears to allege that his application for a position at Apple was a protected activity.  However, submitting an application for employment does not constitute protected activity: "[p]rotected activity includes filing a complaint, testifying, or assisting in a proceeding, or opposing any actions made under the statutes." *Allen v. Neighborhood Hous. Servs. Silicon Valley*, 2013 U.S. Dist. LEXIS 96434, at *9-10 (N.D. Cal. July 9, 2013) (citing Cal. Gov. Code § 12940(h); 42 U.S.C. § 2000e-3)).

21

22

Plaintiff's opposition provides little clarity regarding the basis of his retaliation claims.  In the only section of his opposition which addresses his retaliation claims, Plaintiff states:

23

24

25

> "Apple knew of the Plaintiff's educational credentials, age, race and national origin by the Questionnaire that he filed out. **(Exhibit FAC ALI 44 to ALI 45**) This Questionnaire puts Apple on notice of who exactly the Plaintiff was in terms of race, age and national origin. Apple in returned retaliate against the Plaintiff by not hiring him even though he was more than qualified for the positions."

26

27

28

[emphasis in original] (Pltf's Opp., p. 9:11-15.)  There are simply no allegations that Plaintiff had engaged in any protected activity at the time he applied for a position at Apple.  Plaintiff appears to be claiming that he was retaliated against because Apple allegedly knew Plaintiff's "educational

credentials, age, race, and national origin" and did not hire him.  (*Id.*)  However, the mere rejection of an application, without more, is not retaliation.  Accordingly, Plaintiff's Fourth Cause of Action for retaliation under the FEHA and Sixth Cause of Action for "Retaliation in Violation of Public Policy" should be dismissed.

**F.      Plaintiff's Fifth Cause Of Action For Failure To Prevent Discrimination Should Be Dismissed On The Grounds That His Discrimination Claims Have Failed As A Matter Of Law.**

Plaintiff's cause of action for "Failure to Prevent Discrimination" should be dismissed as it cannot stand alone when his underlying claims of discrimination have been dismissed.  *See Scotch v. Art Institute of California*, 173 Cal. App. 4th 986, 1021 (2009) ("Because we affirm summary judgment on all of [the plaintiff's] FEHA causes of action, we also affirm summary judgment on the failure to provide an environment free from discrimination cause of action."); *Abdul-Haqq v. Kaiser Found. Hosp.*, 2015 U.S. Dist. LEXIS 8768 *6 (N.D. Cal. Jan. 23, 2015) (holding there was no claim for failure to prevent discrimination or harassment because the plaintiff had "not adequately alleged a claim of discrimination" or "a claim of hostile work environment").

**G.      Plaintiff's Seventh Cause Of Action For IIED Should Be Dismissed As It Fails To State A Viable Cause Of Action As A Matter Of Law.**

Under California law, a cause of action for intentional infliction of emotional distress ("IIED") can only exist when "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'"  The defendant's "conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'"  "Severe emotional distress" means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it.  Discomfort, worry, anxiety, and agitation as a result of a defendant's comments would not qualify.  *Hughes v. Pair*, 46 Cal.4th 1035, 1050–1051 (2009).

In his FAC and his opposition, Plaintiff has provided no details of what element of Apple's conduct was outrageous, the nature of severe emotional distress suffered by Plaintiff, or the connection between any actions of Apple and the severe emotional distress suffered by the Plaintiff. (FAC ¶¶ 157-158; Pltf's Opp., p. 14:10-23.)  Plaintiff only makes a conclusory allegation that "[t]he

management at Apple knew that when they failed to hire the Plaintiff this would cause him some sort of harm.  Apple's failure to hire the Plaintiff was done intentionally and knowingly which caused the Plaintiff intentional emotional distress . . ." and that he "suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish," without any factual support.  (Pltf's Opp., p. 14:18-20; FAC ¶ 159.)  Plaintiff does not explain how Apple's conduct in allegedly not offering him a job (for which he may not even be qualified) was so extreme and outrageous as to cause the Plaintiff severe emotional distress.

California courts have maintained that personnel management actions are not outrageous conduct beyond the bounds of human decency, and a simple pleading of personnel management activity is insufficient to support an IIED claim, even if improper motivation is alleged.  *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996) ("[a]simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.").  Therefore, Apple's failure to hire Plaintiff cannot form the basis of an IIED claim absent any other pleading by the Plaintiff.  Plaintiff's IIED claim fails as a matter of law.

### H.   Plaintiff Has Been Given An Opportunity To Amend His Complaint, And His Opposition Shows That Further Amendment Is Futile.

Plaintiff's FAC should be dismissed with prejudice as he has been given an opportunity to amend and has proven that amendment is futile.  *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014) (A district court may grant a motion to dismiss without leave to amend where any amendment would be futile).

Here, all of Plaintiff's Title VII claims for race and national origin discrimination are time barred.  Plaintiff failed to exhaust his administrative remedies to bring an age discrimination claim under the ADEA (which is also time barred) or under the FEHA, and thus his claims cannot proceed. The only arguably timely claim for race discrimination based on the FEHA cannot be amended as it is clear that no decisionmaker at Apple knew Plaintiff's racial background (whatever that racial background may be) or his membership in any other protected category.  His retaliation claims are similarly deficient.

As a final attempt to save his case, Plaintiff argues he should be given another opportunity to amend because he is proceeding *pro se*. Plaintiff's plea of leniency because he is *pro se* rings hollow, as he markets himself to the public as a "skillful" Legal Document Assistant ("LDA") on his website www.ldalegalsolutions.com. (*See* Reply RJN, Ex. L.) He claims that he can provide "the same legal document preparation work" as an attorney, that he can "develop your ROCK-SOLID LEGAL DOCUMENT PRODUCT that may change a Dead Case into Winning Case . . ." and can "prepare you with all the legal tools and Court requirements to present your case before Court for fair-justice- just like attorneys do but with a factual of fixed cost."[4] Thus, Plaintiff's request that he should be given special consideration for proceeding *pro se* is meritless given that he markets himself to the public as a lower cost alternative to an attorney for litigation.

Plaintiff has been given multiple opportunities to plead viable claims, but has failed to address these deficiencies despite the Court's order clearly specifying the defects in his complaint. Accordingly, dismissal with prejudice is appropriate. *See Brown v. Option One Mortg. Corp.,* 2010 U.S. Dist. LEXIS 32334, *13 (N.D. Cal. Apr. 1, 2010) ("The complaint, with all of its generalized and boilerplate allegations, does not plead any facts sufficient to state a claim under any of its theories of liability . . . Leave to amend is not automatic whenever a plaintiff loses a Rule 12 motion. To justify the request to amend, plaintiffs must explain what they can add to the complaint to overcome the fatal obstacles that exist. Otherwise, granting leave to amend amounts to a pure delay in the final disposition of the case.")

## III. CONCLUSION

For the above stated reasons, Apple respectfully requests the Court grant its motion and dismiss Plaintiff's FAC and his claims for relief contained therein with prejudice.

Dated:  September 26, 2018                    BAKER & McKENZIE LLP


                                             By:  /s/ Todd K. Boyer
                                             Todd K. Boyer
                                             Attorneys for Defendant APPLE INC.

---

[4] As evidence of his litigation experience, Plaintiff lists his litigation matters against 11 other companies, including the instant matter. He is also listed as the only "associate" on his website. http://ldalegalsolutions.com/associates-profiles/. (*See* Reply RJN, Ex. L.)

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

REPLY IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS PLTF'S FIRST AMENDED COMPLAINT