UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYED NAZIM ALI,

    Plaintiff,

    v.

APPLE INC.,

    Defendant.

Case No. 18-cv-03945-RS

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This employment discrimination and retaliation suit arises from Defendant Apple Inc.'s decision not to hire Plaintiff Syed Nazim Ali. Ali originally filed suit in California state court alleging Apple refused to hire him on account of his age, race, religion, and national origin. Apple removed the action to federal court where Ali's complaint was dismissed with leave to amend. Ali subsequently filed a First Amended Complaint ("FAC"). Apple now moves to dismiss the FAC with prejudice. For the reasons set forth below, this motion is granted.

## II. BACKGROUND[1]

Ali is a Pakistani-American individual who has worked in the information technology ("IT") industry for over twenty years. He has several security certifications and has received professional accreditation from internationally recognized governance bodies. In October 2016, April 2017, and November 2017, Ali applied for several jobs with Apple. Ali was neither hired

---

[1] Except where noted, facts are taken from the FAC.

nor offered an interview for any of these jobs. Ali alleges Apple refused to hire him because of his age, race, religion, and national origin. Ali specifically alleges Apple's hiring decisions were made by employees of Indian origin who chose to hire less qualified Indian applicants over him. He bases this conclusion on his belief that persons of Indian heritage "control the majority of IT domain" and on geopolitical conflict between India and Pakistan. Ali further contends Apple was able to determine his Muslim faith based on his last name and refused to hire him for this reason as well. Finally, Ali alleges Apple discriminated against him because he was over forty years old.

In June 2017, Ali filed a charge with the EEOC alleging he was not hired by Apple because of discrimination based on "national origin, race, religion, and retaliation." FAC, Ex. ALI 05-25. Ali also filed a charge with the California Department of Fair Employment and Housing ("DFEH") based on the same allegations. Neither charge mentioned the possibility of age discrimination. On June 26 and 29 respectively, the DFEH and the EEOC issued right-to-sue letters to Ali.[2] In May 2018, Ali filed suit against Apple in California state court. In July, Apple removed the action to this Court where the complaint was dismissed with leave to amend. Ali subsequently filed an FAC.

Like the original complaint, the FAC alleged intentional infliction of emotional distress ("IIED") as well as violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Employment and Housing Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA"). Ali's First Claim for Relief alleges racial and religious discrimination in violation of Title VII and the FEHA.[3] The Second Claim for Relief alleges age discrimination in violation of the ADEA and FEHA. The Third Claim for Relief alleges

---

[2] Apple's request for judicial notice of the EEOC right-to-sue letter issued on June 29, 2017 is granted. Ali alleges he received a letter from the EEOC on June 26, 2017, however, he cites to a letter from the DFEH. Ali appears to be confusing two different right-to-sue letters. In any event, the June 29 date proffered by Apple is more favorable to Ali and will be used for the purposes of this motion to dismiss.

[3] As explained below, the First Claim for Relief is construed to include a claim for religious discrimination under Title VII even though religious discrimination is not explicitly mentioned in the heading.

1 discrimination on the basis of national origin in violation of Title VII. The Fourth Claim for Relief alleges retaliation in violation of the FEHA. The Fifth Claim for Relief alleges failure to prevent discrimination, which is construed as an FEHA claim. The Sixth Claim for Relief alleges retaliation "in violation of public policy," which is construed as a Title VII retaliation claim. Finally, the Seventh Claim for Relief alleges IIED. Apple now moves to dismiss the FAC with prejudice.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1) Challenge to Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. The party invoking the jurisdiction of the federal court bears the burden of establishing the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). In a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). If the court determines subject matter jurisdiction is lacking, it must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

#### B. Rule 12(b)(6) Challenge to the Sufficiency of the Complaint

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) is

appropriate if the complaint lacks a cognizable legal theory or fails to include sufficient facts to support a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such motions, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Courts, however, need not accept legal conclusion as true. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. DISCUSSION

Apple seeks dismissal of Ali's complaint under Rule 12(b)(1) and Rule 12(b)(6). First, Apple argues the court lacks jurisdiction over several of Ali's claims because he failed to exhaust his administrative remedies. Second, Apple contends Ali failed to plead sufficient facts to support any of his claims.

### A. Exhaustion of Remedies

Apple argues that all but one of Ali's discrimination claims must be dismissed because Ali failed to exhaust his administrative remedies.[4] The Ninth Circuit has held that the exhaustion of administrative remedies through the EEOC is a jurisdictional prerequisite to filing suit under Title VII or the ADEA. *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).[5] Similarly, a plaintiff must file a claim with the DFEH prior to suing under the FEHA. *See Robinson v. Dep't of Fair Emp't & Hous.*, 192 Cal. App. 3d 1414, 1416, 1419 (Cal. Ct. App. 1987); *Myers v. Mobil Oil Corp.*, 172 Cal. App. 3d 1059, 1063 (Cal. Ct. App. 1985).

---

[4] This argument implicates only the First, Second, and Third Claims for Relief. Furthermore, Apple acknowledges Ali may have exhausted his remedies and timely filed suit for racial discrimination under the FEHA, and does not seek dismissal of that claim on jurisdictional grounds.

[5] The Ninth Circuit acknowledged its holding was in tension with Supreme Court precedent but insisted circuit precedent treating a failure to exhaust as a jurisdictional bar was still binding. *See Sommatino*, 255 F.3d at 708 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). At other times, however, the Ninth Circuit has treated a failure to exhaust as a condition precedent to filing suit rather than as a jurisdictional bar. *See Kaanapu v. Potter*, 51 Fed. Appx. 244, 247 (9th Cir. 2002) (unpublished opinion).

1. Title VII Claims for Discrimination Based on Race, Religion, and National Origin

Apple argues Ali's Title VII claims for discrimination based on race, religion, and national origin are time barred. A plaintiff seeking relief under Title VII must first file a complaint with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Once the plaintiff receives a right-to-sue letter from the EEOC, the plaintiff has 90 days to file a lawsuit. *Id.* § 2000e-5(f)(1). Here, Ali filed a charge with the EEOC alleging discrimination on the basis of race, religion, and national origin on June 3, 2017. The EEOC subsequently issued a right-to-sue letter on June 29, 2017. Providing three days for the mailing of the right-to-sue letter, Ali had until approximately September 30, 2017 to file suit for his race, national origin, and religion claims. Ali, however, did not file his initial complaint until May 2018. Thus, Apple contends, these Title VII claims are time barred and should be dismissed with prejudice. *Scholar v. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).

Apple is correct. Ali's Title VII claims are time barred because Ali did not file suit until well after the 90-day period had lapsed.[6] Accordingly, Ali's Title VII race, religion, and national origin claims are dismissed with prejudice.[7] While leave to amend is granted liberally, it need not be granted where an attempt to amend the complaint would be futile. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014). Here, it is clear Ali's Title VII claims for race, religion, and national origin discrimination are time barred and that no amendment to the complaint could cure this deficiency. Furthermore, as explained in Part A.4, there is no basis for equitable tolling. Accordingly, dismissal with prejudice is appropriate.

---

[6] The record does not precisely establish when Ali received his EEOC right-to-sue letter. Ali alleges he received it on June 26, 2017, however, he cites to the DFEH letter not the EEOC letter to establish this date. In any event, there appears to be no disagreement between the parties that Ali received his EEOC right-to-sue letter in late June 2017.

[7] As explained in note 5, *supra*, the Ninth Circuit has equivocated as to whether exhaustion of administrative remedies is a jurisdictional prerequisite or merely a condition precedent. Regardless of which characterization is correct, the Title VII claims must dismissed with prejudice for failure to exhaust.

### 2. ADEA and FEHA Claims for Discrimination Based on Age

Apple contends Ali's age discrimination claims under the ADEA and FEHA should also be dismissed for failure to exhaust. Under the ADEA and FEHA, a plaintiff must show the discrimination alleged in a lawsuit reasonably relates to the discrimination described in the administrative charge that grounds the lawsuit. *See Sommatino*, 255 F.3d at 709 (ADEA); *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121, 1123 (Cal. Ct. App. 1989) (FEHA).

Apple points out that neither of Ali's administrative charges mentions age discrimination. Furthermore, there is no reason to believe an age discrimination claim would naturally grow out of Ali's race, religion, or national origin claims. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Accordingly, Apple argues, both the ADEA and FEHA age discrimination claims should be dismissed with prejudice. *See Gomez v. SEIU Local 87*, No. C 10-01888 RS, 2010 U.S. Dist. LEXIS 125141, at **12-13 (N.D. Cal. Nov. 12, 2010) (dismissing a Title VII gender discrimination claim because the EEOC charge alleged only national origin discrimination).

The absence of any mention of age or age discrimination in Ali's administrative charges ultimately proves fatal to his age discrimination claims. There is simply no reason to believe Ali's allegation that he was discriminated against for being Pakistani and Muslim would naturally give rise to an age discrimination claim. Accordingly, Ali's claims for age discrimination under the ADEA or the FEHA are dismissed for failure to exhaust.

The question remains whether Ali should be permitted to amend his complaint to cure his failure to exhaust. The ADEA requires a plaintiff to file a claim with the EEOC within 180 days of the alleged wrongful conduct. 29 U.S.C. § 626(d)(1). Here, the alleged wrongful conduct occurred in 2017, thus the time for Ali to file an administrative charge has long since passed. Accordingly, Ali's claim for age discrimination under the ADEA is dismissed with prejudice.

The FEHA, by contrast, allows claimants to file a charge with the DFEH up to a year after the alleged wrongful conduct. Cal. Gov't Code § 12960(d). The FAC alleges Ali applied for jobs with Apple on or about October 2016, April 2017, and November 2017. Apple notes, however, that the exhibit Ali attached to the FAC shows he applied for a job with an Apple partner company

called LanceSoft in November, rather than with Apple itself. Apple contends courts are not required "to accept as true allegations that contradict exhibits attached to the Complaint." *Daniels-Hall v. Nat'l Ass'n.*, 629 F.3d 992, 998 (9th Cir. 201). Accordingly, Apple urges the Court not to credit the allegation that Ali applied for a job at Apple in November 2017.[8] It is not necessary to resolve this factual question, however, because as explained in Part B.1, Ali cannot establish sufficient fact to support any of his discrimination claims. Therefore, even if FEHA's age discrimination claim arising in November 2017 is not time barred, all of Ali's age discrimination claims must ultimately be dismissed with prejudice.

        3. <u>FEHA Claim for Religious Discrimination</u>[9]

Apple argues Ali's allegations of religious discrimination under the FEHA should be stricken because Ali fails to include a separate claim for relief on that theory. Apple contends this omission must have been intentional because Ali knows how to include a separate cause of action for religious claims and has done so in other lawsuits. Accordingly, Apple requests Ali be denied the opportunity to amend his complaint to include a cause of action for religious discrimination. Apple further argues allowing Ali to amend would be futile because Ali failed to file suit for religious discrimination within 1 year of receipt of his right-to-sue letter from the DFEH. Cal. Govt. Code § 12960(d).

While it is true the FAC does not include a claim for relief specific to religious discrimination, Ali refers to religious discrimination throughout his complaint. In light of his ample discussion of the subject, it would be unreasonable to conclude Ali intentionally omitted this claim. Furthermore, Ali's First Claim for Relief for racial discrimination under the FEHA mentions the possibility of religious discrimination. Under the liberal pleading standard applicable

---

[8] At oral argument, Ali was unable to recall whether he had applied for any jobs with Apple in November 2017.

[9] Apple advances the same arguments with respect to Ali's Title VII claim for religious discrimination. This argument is moot with respect to the Title VII religious discrimination claim because, as explained in Part A.1, Ali's Title VII claim for religious discrimination is time barred.

to pro se plaintiffs, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (1992), these allegations are sufficient to establish that Ali is suing for religious discrimination under the FEHA.

Furthermore, Apple's contention that the FEHA claim is time barred appears to rest upon the assumption that the original complaint filed in May 2018 did not allege a religious discrimination claim. As Apple notes, Ali had until June 29, 2018 to file suit for religious discrimination. Under the liberal pro se pleading standard, Ali's initial complaint included a claim for religious discrimination under the FEHA.[10] Accordingly, Ali's claim for religious discrimination under the FEHA is not time barred. Apple's request to strike any mention of religious discrimination from the FAC is, therefore, denied. Furthermore, the First Claim for Relief is construed to include a claim for religious discrimination under the FEHA.

### 4. Equitable Tolling

In the event Ali's federal claims are time barred, Ali requests equitable tolling of the relevant time limits. In support of his request, Ali alleges he was prevented from filing within 90 days of receiving his right-to-sue letter from the EEOC due to a medical condition. In particular, Ali asserts he was seeking psychiatric care to overcome the emotional harm caused by Apple's alleged actions.

Apple responds by arguing equitable tolling is only appropriate under extraordinary circumstances where the plaintiff has diligently pursued his or her claims. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Scholar*, 963, F.2d at 268 (explaining that equitable tolling is reserved for "extreme cases."). Apple further alleges Ali was actively litigating at least two other matters during the relevant 90-day period.[11] In particular, Apple notes that in July and August of 2017 Ali

---

[10] The initial complaint, like the FAC, alleges religious discrimination throughout but fails to articulate a specific cause of action. Compl. ¶ 30, 33, 37. The initial complaint, however, incorporates these prior allegations of religious discrimination into the First Claim for Relief. *Id.* ¶ 44. Liberally construed, this incorporation by reference is sufficient to allege religious discrimination under the FEHA.

[11] Apple requests judicial notice of several of Ali's filings in other cases. Of these cases, *Ali v. Softsol Technologies, Inc.*, Superior Court of California, Alameda County, No. HG17856666, and *Ali v. FusionStorm, Inc*, Superior Court of California, Santa Clara County, No. 17CV312165, involve filings during the relevant time period. Accordingly judicial notice is granted only with

filed an opposition brief in his suit against Softsol Technologies and attended a hearing in that same suit. Ali similarly filed papers in August and September in his suit against FusionStorm. In light of the high bar for obtaining equitable tolling, the scant evidence Ali was incapacitated during the relevant time period, and the judicial noticed evidence that Ali was actively litigating other matters during the relevant time period, Ali's request for equitable tolling is denied.

### B. Sufficiency of the Pleadings

In addition to the jurisdictional arguments discussed above, Apple argues the FAC does not include sufficient facts to support any of Ali's claims and should therefore be dismissed in its entirety.

#### 1. First, Second, and Third Claims for Relief: Discrimination

Apple argues Ali's claims for discrimination should be dismissed because Ali has not pleaded sufficient facts to support a claim of discrimination. In particular, Apple contends Ali failed adequately to plead a prima facie case of discrimination. According to Apple, Ali must show: (i) he was a member of a protected class; (ii) he applied and was qualified for a job for which the employer was seeking applicants; (iii) he was rejected; and (iv) the position remained open and the employer continued to seek applicants. *See McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973) (Title VII); *Mixon v. Fair Emp't & Hous. Com.*, 192 Cal. App. 3d 1306, 1316-19 (1987) (FEHA); *University of Southern California v. Superior Court*, 222 Cal. App. 3d 1028, 1035 (1990) (FEHA).

As explained in the Order Granting Motion to Dismiss issued on August 9, 2018, plaintiffs are not required to prove a prima facie case of discrimination at the pleading stage. *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The elements of a prima facie case, however, are sometimes helpful in determining whether a plaintiff has alleged sufficient facts to state a plausible claim for relief. Here, considering the plausibility of the complaint as a whole is more useful than relying on the elements of a prima facie case.

---

respect to the *Softsol* and *FusionStorm* exhibits.

The FAC, taken as a whole, does not plausibly support any claim for discrimination. At bottom, the facts in this suit are that Ali applied for several jobs with Apple but did not receive any offers, despite his significant experience working in the field of IT. While Ali alleges Apple's refusal to hire him was due to racial and national origin bias, he does not provide sufficient facts to support this inference. His unsupported assertions that persons of Indian origin were responsible for deciding not to hire him, and that those persons were, simply by virtue of their heritage, biased against him are not plausible. Ali's claims for discrimination based on religion and age are equally unsupported. Furthermore, Ali does not proffer any additional facts tending to show Apple hired persons who were less qualified than he was who did not share his protected characteristics. Instead, Ali asserts these facts based solely on information and belief. The Court need not accept such conclusory allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Accordingly, Ali's claims for discrimination must be dismissed.

At oral argument, Ali admitted that he had included all relevant facts of which he was aware in the FAC and did not have any additional facts that would support his discrimination claims. In light of the deficiencies of the FAC and Ali's admission that he is not aware of any additional supporting facts, granting leave to amend would be futile. Accordingly, all of Ali's claims for discrimination are dismissed with prejudice.

2. Fourth and Sixth Claims for Relief: Retaliation under the FEHA and Title VII

Ali's Fourth and Sixth Claims for Relief allege retaliation in violation of the FEHA and "in violation of public policy." FAC ¶¶ 133-142, 149-155. Ali clarified in his opposition to the motion to dismiss that the "public policy" to which he was referring was Title VII. To establish a claim for retaliation under either Title VII or the FEHA, a plaintiff must show: (1) that the plaintiff was engaged in protected activity; (2) that the plaintiff suffered an adverse employment action; and (3) that a causal link exists between the protected activity and the adverse action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (Title VII retaliation); *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 472 (Cal. 2005) (FEHA retaliation).

Ali argues his attempt to seek employment is protected activity, that Apple's refusal to hire

him was an adverse action, and that this adverse action was a result of his aforementioned attempt to seek employment. Apple contends applying for employment is not protected activity. Rather, Apple contends, protected activity includes "filing a complaint, testifying, or assisting in a proceeding, or opposing any actions made under the statutes." *Allen v. Neighborhood Hous. Servs. Silicon Valley*, 2013 U.S. Dist. LEXIS 96434, at *9-10 (N.D. Cal. July 9, 2013) (citing Cal. Gov. Code §1294(h); 42 U.S.C. § 2000e-3).

Apple is correct. Simply applying for a job is not protected activity within the meaning of the Title VII or FEHA retaliation provisions. 42 U.S.C. § 2000e-3; Cal. Gov't Code § 12940(h). Given that Ali's claim for retaliation is wholly based upon activity that is not protected, granting leave to amend would be futile. Accordingly, Ali's Fourth and Sixth Claims for Relief are dismissed with prejudice.

### 3. Fifth Claim for Relief: Failure to Prevent Discrimination[12]

Ali's Fifth Claim for Relief alleges a failure to prevent discrimination. To establish such a claim under the FEHA, a plaintiff must show (1) the plaintiff was subjected to discrimination; (2) the defendant failed to take reasonable steps to prevent this discrimination; and (3) this failure caused plaintiff to suffer injury. *Lelaind v. Cty. & Cnty. of San Francisco*, 576 F. Supp. 1079, 1103 (N.D. Cal. 2008). Apple argues Ali's claim for failure to prevent discrimination should be dismissed if all the underlying claims of discrimination are as well. *See Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1021 (Cal. Ct. App. 2009); *Abdul-Haqq v. Kaiser Found. Hosp.*, 2015 U.S. Dist. LEXIS 8768, at *6 (N.D. Cal. Jan. 23, 2015). Apple's argument is persuasive. Because Ali's claim for failure to prevent discrimination is completely dependent upon the dismissed discrimination claims, his claim for failure to prevent discrimination is dismissed with prejudice.

---

[12] Apple notes that, despite its title, the Fifth Claim for Relief primarily discusses retaliation. To the extent this cause of action merely repeats the retaliation claims articulated under the Fourth and Sixth Claims for Relief, it is dismissed for the reasons explained in Part B.2. In the interest of thoroughness, however, the Court will treat this as a separate claim for failure to prevent discrimination.

4. <u>Seventh Claim for Relief: IIED</u>

Under California law, a cause of action for IIED arises where: (1) the defendant engaged in extreme or outrageous conduct with the intent to cause emotional distress, or reckless disregard to the risk of causing such harm; (2) the plaintiff suffers extreme emotional distress, and (3) the defendant's conduct was the actual and proximate cause of the plaintiff's distress. *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993). A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds [of what is] usually tolerated in civilized community." *Id.* Furthermore, "severe emotional distress" means emotional distress so severe that no person should be expected to endure it. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009).

Apple contends that none of these requirements have been met. In particular, Apple argues none of the facts suggest it engaged in extreme or outrageous conduct. Furthermore, Apple contends personnel decisions are generally not considered sufficient to satisfy this high standard. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996). Apple also notes that Ali's allegations of severe emotional harm are conclusory and do not offer any factual support.

Apple's argument is persuasive. None of the facts in the complaint indicate outrageous or extreme behavior by Apple. Furthermore, Ali's bare assertion that he has suffered extreme emotional distress, without more, is insufficient to support the second requirement for IIED. Based on Ali's initial complaint, the FAC, and the oral argument associated with this motion to dismiss, it is apparent Ali is not aware of any additional facts that would support an IIED claim. Accordingly, the IIED claim is dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above, the FAC is dismissed with prejudice.

**IT IS SO ORDERED**.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 18-cv-03945-RS
12

Dated: 11/26/2018

RICHARD SEEBORG
United States District Judge