**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI, | No. 18-17264 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-03945-RS |
| v. | |
| APPLE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

    Syed Nazim Ali appeals pro se from the district court's judgment dismissing his employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Ali's discrimination and retaliation claims under Title VII and the California Fair Employment Housing Act ("FEHA") because Ali failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (elements of a Title VII retaliation claim); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847-48 (9th Cir. 2002) (the protected characteristic must be a motivating factor for the employment decision for a Title VII discrimination claim); *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013) (the protected characteristic must be a substantial motivating factor for the employment decision for a FEHA discrimination claim); *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Ct. App. 2008) (elements of a FEHA retaliation claim).

The district court did not abuse its discretion by denying Ali leave to file a second amended complaint because leave to amend would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where

plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Ali's state law claims rather than remanding his state law claims to state court. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that the district court has discretion to retain supplemental jurisdiction over state law claims even if the federal law claims are dismissed).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**